UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN THE MATTER OF THE SUBPOENAS SERVED ON JOHN VONBERG AND HUGO ZAGARIA<br><br>———<br><br>IN RE: CRUDE OIL COMMODITY FUTURES LITIGATION, CASE NO.: 11-Civ.-3600 (WHP) (Pending in the United States District Court for the Southern District of New York) | MISCELLANEOUS NO.: 4:13-mc-02393 |

## MOTION TO QUASH SUBPOENAS

Plains All American Pipeline, L.P. ("Plains"), John vonBerg ("vonBerg"), and Hugo Zagaria ("Zagaria") (together "the Plains Nonparties") respectfully move the Court for an order quashing two subpoenas issued by Parnon Energy, Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose, and James T. Dyer (together "Defendants") dated October 2, 2013 (the "Subpoenas").[1]

### INTRODUCTION

Plains and Messrs. Zagaria and vonBerg are not parties to the above captioned litigation, *In re: Crude Oil Commodity Futures Litig.*, No. 11-cv-3600 (the "Class Action"), which is pending in the United States District Court for the Southern District of New York ("SDNY"). They are before this Court because Defendants have sought discovery from Plains in an apparent end run around the authority of the SDNY, which is currently considering whether and to what extent the information Defendants are seeking may be used in the Class Action.

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the case arises under Federal Rule of Civil Procedure 45. Venue is proper in this Court pursuant to Federal Rule of Civil Procedure 45(c)(3)(A) because the subpoenas were issued from the United States District Court for the Southern District of Texas.

1

Specifically, the Subpoenas seek deposition testimony concerning confidential and proprietary information Plains previously provided the Commodity Futures Trading Commission ("CFTC") in connection with a 2008 investigation. The CFTC subsequently initiated an action against Defendants and produced a significant portion of Plains' productions to Defendants. Thereafter, in the Class Action, Class Action plaintiffs ("Plaintiffs") sought discovery of Plains' information from Defendants. Plains and other similarly situated nonparties objected to Defendants' sharing such information with Plaintiffs in connection with the Class Action. The Court has not yet ruled on these Objections. Defendants have nonetheless issued Subpoenas for testimony on the very information that is the subject of the objections, asserting the information is needed to support their opposition to Class Action plaintiffs' motion for class certification. Defendants ignore, however, that the information they are seeking – and the documents they wish to use to question Messrs. vonBerg and Zagaria – cannot be shared with Plaintiffs (and therefore cannot be used in support of their motion) while the Objections are pending. For these reasons alone, the Subpoenas should be quashed.

Furthermore, the Subpoenas should be quashed because they impose an undue burden on the Plains Nonparties. First, Defendants are demanding that Messrs. vonBerg and Zagaria prepare for depositions in 10 business days or less relating to events that took place more than five years ago. The Plains Nonparties are unavailable on the requested deposition dates, but even if they were available, Defendants' requested time frame is highly burdensome, particularly since Defendants cannot specify the documents or the topics to be covered in the depositions. Second, Defendants are requesting through the Subpoenas information that is unreasonably cumulative and duplicative of information already in their possession, should the SDNY deny Plains' pending objections and permit Defendants to use the information in the Class Action. In

such circumstances, the discovery sought would pose an unjustifiable burden on the Plains Nonparties.

For these reasons, the Plains Nonparties request that the Court quash the Subpoenas and order that Defendants are prohibited from seeking Messrs. Zagaria's and vonBerg's depositions until the SDNY rules on Plains' pending objections.

## BACKGROUND

### A. Plains' Pending Objections to Discovery of its CFTC Productions in the Class Action

Parnon Energy, Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose, and James T. Dyer are defendants in two related actions pending in the SDNY, the Class Action and *U.S. Commodity Futures Trading Commission v. Parnon Energy Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose and James T. Dyer*, No. 11 Civ. 3543 (the "CFTC Action"). Both actions stem from an investigation the CFTC conducted several years ago of the national crude oil industry, and allege that Defendants orchestrated a scheme to manipulate crude oil prices in 2008. *See* CFTC Action Dkt. 51; Class Action Dkt. 66.

Over the course of the CFTC's multi-year investigation, Plains and other nonparties involved in the industry received a number of requests and subpoenas seeking confidential nonpublic business information and market data. *See* Declaration of Armita S. Cohen dated Oct. 14, 2013 at ¶ 3 & Ex. A ¶ 4 (attached hereto as Exhibit 1) ("Cohen Decl."). Plains cooperated in good faith with the CFTC's investigation, and as a result, provided the CFTC with extensive confidential and proprietary information, including over one million pages of documents and in August 2010, sworn testimony of two employees.[2] *See* Cohen Decl. ¶ 3; Ex. A ¶ 4; Class Action Dkt. 118 at 4. Nonetheless, Plains acted at all times with extreme reservation and concern for the

---

[2] The prior testimony was given to the CFTC in August 2010 pursuant to an investigative subpoena issued by the CFTC, and not pursuant to the Federal Rules of Civil Procedure.

protection of its confidential and proprietary information. Plains timely requested that the CFTC treat Plains' documents and other information confidentially, and timely filed notices with the CFTC's Freedom of Information Act ("FOIA") compliance office indicating that the documents are exempt from disclosure in response to FOIA requests. *See* Class Action Dkt. 118 at 2-3. Although the CFTC produced to Defendants significant portions of Plains' documents in the CFTC Action, Plains took steps to limit the disclosure of its materials in that action as well. It has designated its materials as Highly Confidential and requested that the Court modify the existing Protective Order to limit the disclosure of its information as a non-party. *See* Cohen Decl. ¶¶ 4, 5.

On April 16, 2013, Class Action plaintiffs sought from Defendants discovery of the proprietary, confidential information Plains and other non-parties provided the CFTC for use in the Class Action. On June 6, 2013, Plains learned that the CFTC had also produced to Defendants copies of the transcripts of the August 2010 testimony of Plains' employees. Notably, the CFTC did not provide Plains with notice or an opportunity to object prior to providing these transcripts to Defendants. On June 11, 2013, in the Class Action, the SDNY ordered that the non-parties submit to the Court any objections to the production of the information the non-parties gave the CFTC. Plains duly filed its objections on June 21, 2013 (the "Objections"), which included objections to Class Action plaintiffs receiving Plains documents and copies of transcripts of its CFTC testimony. Plains additionally submitted a request for a modification of the provisions of the protective order in the CFTC Action concerning to what extent Plains' information may be used in the CFTC Action. All of these issues are still pending before the Court, and Plaintiffs have not been permitted to seek discovery of materials provided to the CFTC in the Class Action.

B.  **The Subpoenas**

On October 2, 2013, Defendants issued the Subpoenas to Messrs. vonBerg and Zagaria, which Defendants understand seek essentially the same information that is the subject of Plains' objections pending before Judge Pauley. *See* Cohen Decl. Exs. C and D. Defendants have indicated that they intend to seek deposition testimony on the information that the Plains Nonparties provided the CFTC in connection with its investigation, including the testimony Plains' witnesses provided the CFTC more than three years ago, in August 2010. *Id.* at ¶ 7. All of these materials relate to events that occurred more than five years ago and have been designated as Highly Confidential in the CFTC Action. *See id.* at Ex. A. Although Plains produced more than one million pages of documents to the CFTC, Defendants are unwilling to advise Plains of the specific documents or issues they wish to cover in the depositions. *See* Cohen Decl. ¶ 7. In fact, Defendants have told Plains that they may cover other topics at the deposition, and that they are under no obligation to advise Plains, a non-party, of the topics they intend to cover at the deposition. *Id.* Nevertheless, because the SDNY has not yet ruled on the discoverability of Plains' information in the Class Action, including the transcripts of Messrs. vonBerg's and Zagaria's prior testimony, the Subpoenas effectively threaten to deprive the SDNY of its ability to meaningfully rule on this issue.

Defendants have noticed the depositions for October 15 and 16 respectively, which gives the Plains Nonparties approximately two weeks to prepare. Defendants contend that they selected these dates because they wish to incorporate the information obtained into their opposition to class certification, which is due on October 25, 2013. *See* Cohen Decl. ¶ 7. In any event, the Plains Nonparties have advised Defendants that they are unavailable for the requested

5

dates because Mr. vonBerg is unavailable on October 15 and counsel is unavailable on October 16. *Id.* at ¶ 8.

## ARGUMENT

The Plains Nonparties respectfully request that the Court quash Defendants' Subpoenas. As an initial matter, the Subpoenas are inappropriate given the issues pending in the SDNY. Additionally, the Subpoenas fail to comply with the Federal Rules of Civil Procedure. Rule 45 of the Federal Rules of Civil Procedure provides that a court shall quash a subpoena if it "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(i), (iv). In cases like this, a subpoena should additionally be quashed when it seeks information that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i); *see Carroll v. Variety Children's Hosp.*, 2007 WL 2446553, *2 (E.D. Tex. Aug. 23, 2007) (granting motion to quash third party subpoena for deposition as cumulative and duplicative); *Engenium Solutions, Inc., v. Carr*, No. 10-cv-4412, 2012 WL 6952226, (S.D.Tex. Oct. 5, 2012).[3] This is particularly true where "person to whom the . . . request is made is a non-party," who should not be unduly inconvenienced or subjected to undue expense. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Katz v. Batavia Mar. & Sporting Sup.*, 984 F.2d 422, 424 (Fed. Cir. 1993) (affirming the district court's order quashing deposition subpoena where information sought from the nonparty was impermissibly broad).[4]

---

[3] "Whether a subpoena imposes undue burden generally raises a question of the subpoena's reasonableness." *Dimitric v. Texas Workforce Commission*, No. G-07-0247, 2008 WL 2630089, at *1 (S.D. Tex. June 30, 2008). The Court should balance the "benefits and burdens" of enforcing the subpoena and consider, among other things, the necessity of the information and whether it is available elsewhere. *Positive Black Talk Inc. v. Cash Money Records*, 394 F.3d 357, 377 (5th Cir. 2004) (affirming decision to quash subpoena).
[4] In addition, Rule 45(c)(3)(B) permits an issuing court to quash or modify a subpoena that seeks disclosure of confidential commercial information or trade secrets.

A.  **The Subpoenas Should be Quashed because they Seek Information that is the Subject of Objections Pending before the SDNY.**

The Subpoenas wrongfully seek discovery of information that is subject to objections currently before the Court where the Class Action is pending. Defendants have indicated that they intend to depose Messrs. vonBerg and Zagaria about the same topics covered in their August 2010 sworn testimony, including about the transcripts and documents shown to them by the CFTC. *See* Cohen Decl., ¶ 7. Defendants have additionally stated that they intend to depose Messrs. vonBerg and Zagaria about documents Plains previously produced to the CFTC. These documents, as well as the transcripts and exhibits from the sworn testimony, are the subject of motions pending before the SDNY. This Court and other federal courts have declined to enforce a Rule 45 subpoena when there is a dispute as to the discoverability of the information sought in the underlying action. *See Dow Chem. Canada, Inc. v. HRD Corp.,* No. 1-05-0023, 2010 WL 2680641, at *1 (S.D. Tex. Jul. 2, 2010) (staying motion to quash pending the Delaware court's ruling on motion to amend scheduling order); *CMC Interconnect Techs., Inc. v. Fairchild Semiconductor Corp.,* No. MC-09-0003-PHX-DGC, 2009 WL 539674, at *1 (D. Ariz. Mar. 4, 2009) (transferring motion to quash to district where underlying action is pending where dispute existed over discoverability of information sought by subpoena); *Melder v. State Farm Mutual Automobile Ins. Co.,* No. 08-cv-1274, 2008 WL 1899569, at * 3 (N.D.Ga. Apr. 25, 2008) ("Given the forum court's greater familiarity with the case, it seems clear that the forum court in the Eastern District of Louisiana is the court that is best prepared to rule on the present discovery dispute").

Defendants have stated that they are seeking this discovery to support their opposition to class certification, and that they urgently need it because the motion is due on October 25, 2013. The Plains Nonparties should not be penalized because of a timing problem of Defendants' own

7

making. For one thing, Plains objected to the use of its information in the Class Action more than four months ago. The information of Plains and other nonparties is not being shared with the Plaintiffs until the Court rules on the Objections. *See* Class Action Dkt. 96 (SDNY Order directing nonparties to file objections); Class Action Dkt. 149 (letter from Plaintiffs to SDNY requesting an extension to the Class Action scheduling order, in part because the objections regarding disclosure of non-party documents remain pending before the SDNY, and therefore Plaintiffs have not yet received and reviewed those documents). Thus, Defendants cannot use any information obtained from the depositions or underlying Plains documents in support of their opposition brief until the SDNY rules on the Objections. Additionally, the timing of the Subpoenas suggests that they are nothing more than a strategic ploy to make an end run around the SDNY's ordered procedure for determining the discoverability of non-party CFTC productions in the Class Action. Defendants waited until October 10, 2013, months after non-parties submitted their objections to the SDNY and *well after* they issued the Subpoenas, to advise the SDNY that they needed to use Plains' information to support their opposition brief. *See* Class Action Dkt. 155. Plains maintains its Objections to the use of its information in the Class Action, and in the absence of a ruling by the SDNY ordering otherwise, the Court should quash the Subpoenas.

**B.     The Subpoenas Subject the Plains Nonparties to Undue Burden and Expense.**

Additionally, the Subpoenas should be quashed as unduly burdensome. First, they fail to allow the Plains Nonparties reasonable time to comply. Fed. R. Civ. P. 45(c)(3)(A). The Subpoenas are noticed for October 15 and 16, approximately two weeks from the date the Subpoenas were issued. Given the short time period, Plains sought clarification from Defendants about the information they were seeking. Cohen Decl. ¶ 7. Plains was told that Defendants were seeking to establish whether Plains was on notice of Defendants' alleged misconduct back in

2008 and that they intended to discuss information covered in Messrs. vonBerg's and Zagaria's sworn testimony before the CFTC in 2010. *Id.* Defendants stated that they may cover other topics at the deposition and that they are not required to provide Defendants with the topics in advance of the deposition. *Id.* The transcripts were created in August 2010, more than three years ago, and Messrs. vonBerg and Zagaria did not have the opportunity to review the transcripts at the time. It is unduly burdensome, if not impossible, for the Plains Nonparties to prepare on such short notice, three years later, about matters that occurred more than five years ago.

The Plains Nonparties have advised Defendants that they are unavailable to appear for a deposition on the requested dates. Defendants have insisted that the depositions must take place in this compressed time frame, arguing that they need to incorporate the testimony into their opposition to class certification. *Id.* Although Plains objected to the use of the CFTC production in the Class Action several months ago, Defendants delayed requesting Messrs. vonBerg's and Zagaria's depositions until only a few weeks before their deadline for filing the opposition. The Plains Nonparties should not be penalized by Defendants' delay, and cannot be expected to undergo the burden and expense of preparing for a deposition to cover unspecified documents relating to events that took place more than five years ago on such short notice.

Second, should the Court permit the use of Plains' CFTC productions in the Class Action, then the Subpoenas unnecessarily require the Plains Nonparties to provide discovery that is unreasonably cumulative and duplicative of the sworn testimony transcripts and other documents that Plains produced to the CFTC.[5] Defendants concede that they are primarily seeking

---

[5] Plains has objected to Defendants viewing any of Plains information until *after Plains objections are ruled upon and the protective order is modified.* See Cohen Decl., Ex. B. This request was made to ensure, for example, that the transcripts and other information will not be shown to persons who refuse to abide by the protective order and that highly confidential materials be designated as attorneys' eyes only. Defendants refused to agree to this request.

testimony on the same subject matter that was covered in the testimony previously solicited from the Plains Nonparties by the CFTC. Defendants should not be permitted to burden the Plains Nonparties with their requests, particularly where the information requested can be obtained from another more convenient and less burdensome source." *See Carroll*, 2007 WL 2446553 at *2; *Engenium Solutions, Inc., v. Carr*, 2012 WL 6952226; *see also Wiwa*, 392 F.3d at 818.

## CONCLUSION

For these reasons, Plains respectfully requests that the Court enter an order quashing the Subpoenas.

Respectfully submitted,

Dated: October 14, 2013

*Of Counsel:*

*Armita S. Cohen*
  Vinson & Elkins L.L.P.
  666 Fifth Avenue
  26th Floor
  New York, NY 10103-0040
  Telephone: 212.237.0000
  Telecopy: 212.237.0100
  acohen@velaw.com

*Crystal N. Y'Barbo*
  Vinson & Elkins L.L.P.
  2200 Pennsylvania Avenue
  Suite 500 West
  Washington, D.C. 20037-1701
  Telephone: 202.639.6500
  Telecopy: 202.879.8861
  cybarbo@velaw.com

By:   /s/   James D. Thompson III
  *James D. Thompson III*
  Attorney-in-charge
  State Bar No. 19918500
  Fed. I.D. 7562
  *Vinson & Elkins L.L.P.*
  1001 Fannin Street, Suite 2500
  Houston, Texas 77002
  Telephone:  713.758.4502
  Telecopy:  713.615.5765
  jthompson@velaw.com

*Hilary Preston*
  *Vinson & Elkins L.L.P.*
  666 Fifth Avenue
  26th Floor
  New York, NY 10103-0040
  Telephone: 212.237.0000
  Telecopy: 212.237.0100
  hpreston@velaw.com

*ATTORNEYS FOR PLAINS ALL AMERICAN PIPELINE, LP*

## CERTIFICATE OF CONFERENCE

      Pursuant to Local Rule 7.1.D of the Southern District of Texas, I certify that Vinson & Elkins LLP, on behalf of the Plains Nonparties, has conferred with counsel for the Defendants, and counsel cannot agree about the disposition of the foregoing motion.

                                            /s/ James D. Thompson

                                            James D. Thompson

## CERTIFICATE OF SERVICE

      Pursuant to Local Rule 5.3 of the Southern District of Texas, I hereby certify that a copy of the foregoing will be served on Elizabeth Bradshaw, counsel for Defendants Parnon Energy, Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose, and James T. Dyer, this 14th day of October, 2013, by the following means:

- electronic mail addressed to EBradshaw@winston.com; and

- U.S. mail addressed to Winston & Strawn LLP, 35 W. Wacker Drive, Chicago, IL 60601-9703.

                                             /s/ James D. Thompson III

                                             James D. Thompson III