# EXHIBIT J

## Bradshaw, Beth M.

| | |
|---|---|
| **From:** | Cohen, Armita <acohen@velaw.com> |
| **Sent:** | Friday, October 11, 2013 9:04 PM |
| **To:** | Bradshaw, Beth M. |
| **Cc:** | Preston, Hilary; Carey, Tim; ffielding@morganlewis.com; mhaskell@morganlewis.com |
| **Subject:** | RE: In re Crude Oil |

Beth,

We appreciate the efforts Parnon has made to explore potential alternatives to deposing Mr. vonBerg and Mr. Zagaria, but unfortunately, it does not appear at this time that we are going to be able to reach agreement.

As an initial matter, we cannot provide the "exact" declarations you requested because it would be factually inaccurate for Messrs. vonBerg and Zagaria to sign the proposed declarations.  You originally proposed declarations "establishing the accuracy and/or authenticity of the CFTC transcripts and exhibits."  After we received your October 8 letter, we reviewed the transcripts to see if the witnesses could comply with your request.  We determined that they could not for several reasons.

First, it is not appropriate for Messrs. vonBerg and Zagaria to provide declarations authenticating the transcripts or attesting to their correctness.  Such a statement should come from the stenographer, and each transcript appears to already have such a certificate.  Second, it is not possible for Messrs. vonBerg and Zagaria to testify (whether by deposition, declaration or otherwise) that the transcript accurately reflects the testimony they gave three years ago.  Messrs. vonBerg and Zagaria were not given the opportunity to contemporaneously review the transcripts; the CFTC did not provide them or Plains with copies following the testimony in August 2010.  In fact, the CFTC provided counsel for Plains with copies of the transcripts for the first time approximately six weeks ago.   Moreover, it is apparent from the first few pages of the vonBerg transcript that it contains errors.  *See* for example, pages 7-9, which attribute statements made by an attorney for the CFTC to William Lawler, an attorney at our firm.

Additionally, the timing of the subpoenas and the sought-after testimony continue to be of concern.  With respect to the subpoenas, the deposition subpoenas were issued prematurely.  The Court set forth a clear process for determining the discoverability of information Plains gave the CFTC in the class action.  Judge Pauley issued an order in June 2013 directing parties to submit their objections to providing class action Plaintiffs with the information they produced to the CFTC.  Plains did that.  Plains has additionally requested that the Court modify the provisions of the protective order concerning how Plains' information may be used (if at all) in the class action.  Judge Pauley has not yet ruled on the objections or Plains' request.  And until yesterday, Defendants had not notified the Court that there was a pressing need for non-party discovery in the class action.  Until the Court rules on these issues, it is inappropriate for Defendants to seek discovery from Plains in the class action, effectively making an end run around Judge Pauley's ability to rule on these issues.

With respect to the timing of the depositions themselves, the notice you have provided is insufficient.  We are advised that Mr. vonBerg is unavailable on October 15, and counsel is unavailable on October 16.

Again, we appreciate your efforts to try to find a path that would not require court intervention, but unfortunately, Plains and the noticed witnesses are left with no choice but to file a motion to quash in the issuing court.  Please feel free to contact me if you would like to discuss further.

Regards,

Armita

1

**Armita S. Cohen**
Attorney
**Vinson & Elkins LLP**
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Tel 212.237.0183
Fax 917.849.5332
acohen@velaw.com

---

**From:** Bradshaw, Beth M. [mailto:EBradshaw@winston.com]
**Sent:** Friday, October 11, 2013 12:38 PM
**To:** Cohen, Armita
**Cc:** Preston, Hilary; Carey, Tim; ffielding@morganlewis.com; mhaskell@morganlewis.com
**Subject:** In re Crude Oil

Armita:

We have considered the demand you conveyed from Plains -- namely, that before Plains will give the defendants what were described as "not exactly" the declarations we requested three days ago, Parnon and the individual defendants must give Plains a declaration that to the best of their knowledge Plains did not engage in manipulation with Parnon or the individual defendants.

Parnon and the individual defendants are all on record as having denied engaging in any manipulation whatsoever, amongst themselves or with anyone else.  We do not understand why Plains would need something more, commenting specifically on the potential involvement of Plains – which, to the defendants' knowledge, has not been suggested by any party in this case.  The defendants are not in a position to swear to anything Plains may or may not have done in the market in 2008 and believe it is inappropriate for Plains to ask for such a declaration.

The defendants have issued valid deposition subpoenas to Messrs. vonBerg and Zagaria.  We have been respectful of the fact that Plains has pending objections on file with Judge Pauley and that the timeline for producing the witnesses has been relatively short (although I note that the depositions are not scheduled until nearly three weeks after we first contacted you regarding this issue on September 26, 2013).  We listened to your request that we find a way to resolve this issue short of taking the depositions, and proposed that declarations from Messrs. vonBerg and Zagaria regarding the authenticity and accuracy of their investigative deposition transcripts and Plains's business records attached as exhibits thereto might suffice until Judge Pauley is able to rule on the pending objections.

For your information, the draft declarations we had in mind are attached.  We continue to believe that they represent a viable and reasonable manner in which to resolve the current dispute without court intervention.  Perhaps your client will reconsider its position and execute the declarations.  If not, I understand from your comments on the phone this morning that the witnesses will not appear next week and instead will file a motion to quash the subpoenas.

If have misunderstood Plains's position, or the position of the individual witnesses, in any way please let me know.  If anything changes – in particular if the witnesses decide to appear next week – please notify us immediately so that we can make the appropriate arrangements.

Regards, Beth

**Elizabeth M. Bradshaw**
**Partner**
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

D: +1 (312) 558-6231
F: +1 (312) 558-5700
Email | www.winston.com
WINSTON
&STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

**Treasury Circular 230 Disclosure:** To the extent this communication contains any statement regarding federal taxes, that statement was not written or intended to be used, and it cannot be used, by any person (i) as a basis for avoiding federal tax penalties that may be imposed on that person, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

**CONFIDENTIALITY NOTICE:** The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

Thank You.

3